BEALL, (O'NEALE v.) See Case No. 10,513.

BEALL, (TRAVERSE v.) See Case No. 14,-153.

## Case No. 1,165.

### In re BEALS et al.

[9 Ben. 223; [1] 17 N. B. R. 107.]

District Court, S. D. New York. Oct. Term, 1877.

BANKRUPTCY—PARTNERSHIP—RESIDENCE.

A petition in involuntary bankruptcy against three persons as co-partners alleged, as the only ground of jurisdiction, that they had all of them resided in this district for a period of six months next preceding the filing of the petition. On an application by the three bankrupts, afterwards, for discharges, a creditor showed, on a proper specification, that one of the three bankrupts had not resided in this district for a period of six months next preceding the filing of the petition: Held, that the court did not acquire jurisdiction over all the copartners and could not grant a discharge to any of them.

[In bankruptcy. In the matter of Oliver B. Beals, Irving Holland, and Martha A. Smith.]

S. W. Fullerton, for bankrupts.
B. Low, for creditors.

BLATCHFORD, District Judge. The petition in this case, one in involuntary bankruptcy, alleged as the ground of jurisdiction, that the debtors, all three of them, had resided in this district for a period of six months next preceding the filing of the petition. No other ground of jurisdiction was alleged, nor can any other be now urged, on the petition, to sustain it. The allegation of residence or carrying on of business, in the petition, is the allegation of a jurisdictional fact, and the petition must contain an allegation showing jurisdiction in that respect. But it is open to creditors, on an application for a discharge, to show, under a proper specification of objection, that the ground of jurisdiction al-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

leged in the petition for adjudication did not exist. The bankrupt has an opportunity to meet and contest the specification. In the present case, it is clear that the allegation of residence, in the petition, is not true, and that one of the bankrupts had not resided in this district for a period of six months next preceding the filing of the petition, although the other two had. This defeats the jurisdiction of the court as respects all the debtors and the entire case, inasmuch as the proceeding is one against the debtors as copartners and their firm assets, and the petitioning creditors were creditors of the firm, and a discharge is sought by all the debtors from the debts of the firm. In such a case the court must acquire jurisdiction over all the copartners, in order to have jurisdiction over any of them. I regard the eighth specification as raising this question. The discharges are refused.